UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | } |
| | } |
| VS. | }  CRIMINAL ACTION NO. H-98-135 |
| | } |
| EVER CACIEDO | } |

C.A. 4:08-cv-3513

## **OPINION & ORDER**

Pending before the Court are Defendant Ever Caciedo's ("Caciedo") Motion to Vacate under 28 USC § 2255 (Doc. 14) and the Government's Motion to Deny Relief (Doc. 21). Also before the Court is Magistrate Judge Stacy's Memorandum and Recommendation (Doc. 29), denying relief, and Caciedo's Objections thereto (Doc. 31).

Caciedo's conviction became final on June 3, 1999. His § 2255 appeal was mailed on November 24, 2008. Under § 2255(f)(1), Caciedo had one year within which to bring his § 2255 motion. Usually the statute of limitations begins to run from the date of conviction. Caciedo argues that the statute of limitations period did not begin to run until August 12, 2008, the date when, as per § 2255(f)(4), he claims "facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." On that date Caciedo alleges he first received a copy of the Judgment and Order setting supervised release which this Court revoked. Caciedo, however, admits that he was apprised of the terms of the Judgment and Order setting supervised release. In fact, the argument on the merits he attempts to make is that he believed, that due to his return to the United States after his deportation at the behest of the Federal Bureau of Investigations to serve as a confidential informant, he was no longer under supervised release. Thus the Judgment and Order setting supervised release prior to these

circumstances is not a factual predicate to his claim on the merits and thus, is not a "fact supporting the claim" under § 2255(f)(4). Accordingly, the Court finds Magistrate Judge Stacy's conclusion that the claim is time-barred to be correct, and adopts the Memorandum and Recommendation.

Accordingly, it is hereby ORDERED that Caciedo's Motion to Vacate (Doc. 14) is DENIED and the Government's Motion to Deny Relief (Doc. 21) is GRANTED.

SIGNED at Houston, Texas, this 6th day of August, 2009.

MELINDA HARMON  
UNITED STATES DISTRICT JUDGE